# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY P.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-00119-RBM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>[Doc. 2] |

## I.　**INTRODUCTION**

On January 28, 2022, Plaintiff Anthony P. ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of disability insurance benefits under Title II of the Social Security Act ("the Act"). (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 2.)

On April 8, 2020, former Chief Judge Larry A. Burns issued an order staying civil cases arising under 42 U.S.C. § 405(g) that were filed on or after March 1, 2020, due to the ongoing COVID-19 public health emergency. *See* Or. of Chief Judge No. 21, sec. 6 (stating in part "all civil cases filed on or after March 1, 2020 brought against the Commissioner .

1

. . are hereby stayed, unless otherwise ordered by the [Court]."). At this time, the Court lifts the stay of this case for the limited of purpose of ruling on the IFP Motion which will allow Plaintiff to proceed with effectuating service of the summons and complaint to Defendant. Once service is complete, the Court will stay the case again until such time as the Commissioner begins normal operations at the Office of Appellate Hearings Operations and resumes preparation of Certified Administrative Records. *See* Or. of Chief Judge No. 21 at sec. 6.

Having reviewed the complaint and IFP Motion, the Court **GRANTS** Plaintiff's motion and further finds that Plaintiff's complaint is sufficient to survive sua sponte screening.

## II.   DISCUSSION

### A.   Application to Proceed IFP

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). But a litigant who, because of indigency, is unable to pay the required fees or security may petition the Court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). The facts of an affidavit of poverty must be stated with some particularity, definiteness, and certainty. *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1984)).

The determination of indigency falls within the district court's discretion. *Rowland v. Cal. Men's Colony*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPonte de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *see also Escobedo*, 787 F.3d at 1235. To satisfy the requirements of 28 U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide[ ] himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotations omitted). Nevertheless, "the same even-handed care must be employed to assure that

federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D. R.I. 1984) (internal citation omitted).  Courts tend to reject IFP motions where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Allen v. Kelley*, C-91-1635-VRW, 1995 WL 396860, at **2-3 (N.D. Cal. June 29, 1995) (Plaintiff initially permitted to proceed IFP, but later required to pay $120 filing fee out of $900 settlement proceeds).

Here, Plaintiff has sufficiently demonstrated his entitlement to IFP status. According to his affidavit, Plaintiff has not earned any income from employment during the past twelve months, and he receives $447 per month in public assistance. (Doc. 2 at 1, 3.) He has no personal savings, cash, or assets. (*Id.* at 3-4.) His monthly expenses are $300, which comprises of $50 in utilities, $50 in transportation, and $200 in "recreation, entertainment, newspapers, magazines, etc." (*Id.* at 5.) He does not have a spouse or any dependents. (*Id.* at 3-4.)

Plaintiff's affidavit sufficiently demonstrated that he is unable to pay the required $400 filing fee without sacrificing the necessities of life. *See Adkins*, 335 U.S. at 339-340. The Court concludes Plaintiff cannot afford to pay any filing fees at this time for this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

### B.  Sua Sponte Screening

Pursuant to 28 U.S.C. § 1915(a), a complaint filed by any person proceeding IFP is also subject to a mandatory sua sponte screening. The Court must review and dismiss any complaint which is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also Alamar v. Soc. Sec.*, 19-cv-0291-GPC-LL, 2019 WL 1258846, at *3 (S.D. Cal. Mar. 19, 2019).

To survive, complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands

more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Instead, plaintiff must state a claim plausible on its face, meaning "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Social security appeals are not exempt from the general screening requirements for IFP cases. *Montoya v. Colvin*, 16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Hoagland v. Astrue*, 12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)).

In social security appeals, courts within the Ninth Circuit have established four elements necessary for a complaint to survive a sua sponte screening:

> First, the plaintiff must establish that she had exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Skylar v. Saul*, 19-cv-1581-NLS, 2019 WL 4039650, at *1 (S.D. Cal. Aug. 27, 2019) (quoting *Montoya*, 2016 WL 890922 at *2). As to element four, a complaint is insufficient if it merely alleges the Commissioner was wrong in denying plaintiff benefits. *See Skylar*, 2019 WL 4039650 at *1 (citations omitted); *see also Hoagland*, 2012 WL 2521753 at *3. Instead, a complaint "must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." *See Skylar*, 2019 WL 4039650 at *1 (internal citations and quotations omitted).

4

3:22-cv-00119-RBM

As to the first element, the complaint contains sufficient allegations that Plaintiff exhausted his administrative remedies. Plaintiff filed an application for disability insurance benefits, and he is appealing the final administrative decision of the Commissioner. (Doc. 1 at ¶¶ 1-2.) An administrative law judge ("ALJ") issued a decision denying Plaintiff's claim for benefits. (*Id.* at ¶ 7.) Plaintiff filed a request for review and the appeals council denied it. (*Id.* at ¶ 2.) Plaintiff timely filed the complaint within sixty days of the Commissioner's final decision. (*Id.*) As to the second element, the complaint states Plaintiff resides "in Oceanside, California . . . within the jurisdiction of this [C]ourt." (*Id.* at ¶ 4.) As to the third element, Plaintiff alleges that he is "disabled due to a combination of severe physical and mental impairments, including: schizophrenia spectrum disorder, Tourette's syndrome, mood disorder with irritability, depression, anxiety, and diminished hearing of his right ear." (*Id.* at ¶ 6.) Plaintiff alleges he became disabled on April 11, 2019. (*Id.*) This is sufficient to describe the nature and timing of Plaintiff's disability. Finally, the complaint alleges a short plain statement showing entitlement to relief. The complaint alleges the ALJ's decision is unsupported by substantial evidence and are contrary to law and regulation, specifically, the ALJ erred by failing to consider the opinion of Plaintiff's treating physician in finding that Plaintiff did not meet or equal a Listing of Impairments. (*Id.* at ¶ 7.)

Based upon all of the foregoing, the Court finds Plaintiff has established the four elements necessary to survive sua sponte screening.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for the named Defendant. In addition, the Clerk of Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the complaint.

3. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 and forward the materials to the United States Marshals Service.

4. Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

5. After service is complete, the Court will stay the case again and the stay will automatically lift after Defendant files the Certified Administrative Record.

**IT IS SO ORDERED.**

Dated: March 11, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE